HERMAN L. HARTLEY and FAY OLA HARTLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hartley v. Commissioner
Docket No. 10966-79.
United States Tax Court
T.C. Memo 1982-142; 1982 Tax Ct. Memo LEXIS 599; 43 T.C.M. (CCH) 830; T.C.M. (RIA) 82142; March 23, 1982. *599 Held: (1) petitioners are taxable on unexplained bank deposits; (2) petitioners are not taxable on a sale of timber; (3) petitioners are taxable on a sale of land; (4) additions to tax are imposed under sec. 6653(a) (negligence), I.R.C. 1954. Herman L. Hartley, pro se. Willie Fortenberry, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax and additions to tax under section 6653(a) [1] (negligence) against petitioners as follows: Addition to tax
Year
Deficiency [2]
Sec. 6653(a)
1973
$ 3,227
$ 161
1974
14,782
739
1975
3,294
165
*600 After respondent's concession on one issue, [3] the issues for decision are as follows: (1) Whether petitioners omitted ordinary income in each of the years in issue in the amounts determined by respondent, or in any other amounts; (2) Whether petitioners omitted short-term capital gain income from the sale of timber in 1974; (3) Whether petitioners omitted long-term capital gain income from the sale of ae lot in 1975; and (4) Whether petitioners are liable for additions to tax under section 6653(a) (negligence) for each of the years in issue. FINDINGS OF FACT Some of the facts have been stipulated; the stipulations and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioners Herman L. Hartley (hereinafter sometimes referred to as "Herman") and Fay Ola Hartley (hereinafter sometimes referred to as "Fay"), husband and wife, resided in Lake City, Florida. During the years in issue, Herman was self-employed in a house-moving business. During 1974 and 1975, *601 Fay was self-employed in a beauty-shop business. For the years in issue, petitioners (1) received from these businesses and from rentals, (2) reported on their Federal income tax returns, and (3) omitted from their Federal income tax returns, the amounts of gross income set forth in table 1. Table 1 1973
1974
1975
(1) Gross income received
$ 26,669
$ 52,171
$ 27,776
(2) Reported on tax return
13,529
18,822
16,138
(3) Omitted from tax return
$ 13,140
$ 33,349
$ 11,638
Respondent determined that the source of the omitted income set forth in table 1 was Herman's house-moving business. In February 1974, Herman negotiated for the purchase of a parcel of land from a man named Holmes. Holmes asked about $ 16,000 for the land, including the timber thereon. As a result of Herman's negotiations, Holmes sold the land and the timber. Albert Levings, Inc. (hereinafter sometimes referred to as "Levings"), paid $ 8,800 and received the timber that was on the land; a bank loaned Herman the remainder of the total for the land and timber, and took a mortgage on the land; and Herman became the owner of the land. Herman neither bought nor sold the timber.
*602 In 1973, petitioners acquired a parcel of land for $ 1,200. In 1975, petitioners sold this land for $ 3,500. Petitioners did not report the sale on their tax return for 1975. OPINION I. House-Moving Business
Respondent determined petitioners' income by the bank deposits method. [4] Herman testified generally that many of his bank deposits represented proceeds of loans and that others were redeposits of funds previously withdrawn. The latter instances came about, Herman testified, when he withdrew amounts to enable him to have cash on hand to take advantage of business opportunities which failed to materialize. Herman did not direct the Court to any specific deposit in any of the three years in issue that could fairly be explained as either a deposit of loan proceeds or a redeposit of an amount previously withdrawn. Under these circumstances, and especially in light of petitioners' failure to respond to respondent's requests for admissions (Rule 90(c) [5]) as to this matter, we conclude that petitioners' income was understated as indicated *603 in table 1, supra.
Respondent determined in the notice of deficiency that the additional income arose from Herman's house-moving business. Petitioners have failed to show otherwise. [6]
Accordingly, we agree with respondent that (1) petitioners' income for the years in issue was understated by the amounts set forth on line (3) of table 1, supra, and (2) these amounts are subject to tax as income from Herman's self-employment (in the case of the self-employment tax of chapter 2, subject to the wage base limits as in effect for the years before the Court). See note 2, supra.
On this issue, we hold for respondent. II.Timber Sale--1974
Respondent maintains that Herman bought land and timber from Holmes and then sold the timber to Levings. Respondent determined that Herman had no basis in the timber he had just bought *604 from Holmes and that the entire proceeds of the timber sale to Levings are taxable to petitioners as short-term capital gain. Petitioners maintain that Herman joined with Levings in the purchase from Holmes, Herman buying only the land and Levings buying the timber. Herman's testimony as to the land and timber transfers persuades us that the events occurred as he related. We conclude that Herman neither bought nor sold timber in the 1974 transaction in dispute. On this issue, we hold for petitioners. III. Real Estate Sale--1975
Respondent determined that petitioners sold a parcel of land in 1975 for $ 3,500 and thereby realized a gain of $ 2,300. Petitioners do not appear to seriously dispute these determinations. Herman testified that the $ 3,500 proceeds of this sale were applied against a debt that Herman owed to a man named Fowler, and that Herman never saw the proceeds of the sale. Clearly, Herman realized a gain; the application of the proceeds against Herman's debt to Fowler does not affect the current recognition of the gain. On this issue, we hold for respondent. IV. Section 6653(a) Additions to Tax
An addition to tax under section 6653(a) *605 is imposed if any part of any underpayment of tax is due to negligence or intentional disregard of rules or regulations. Petitioners have the burden of proving error in respondent's determinations that additions to tax should be imposed against them under section 6653(a). . Petitioners have failed to carry their burden of proof. On this issue, we hold for respondent. Decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all chapter and section references are to chapters and sections of the Internal Revenue Code of 1954 as in effect for the taxable years in issue.↩
2. Of these amounts, self-employment tax accounted for the following: 1973--$ 548; 1974--$ 816; and 1975--$ 920. The remainders are amounts of chapter 1 tax. It appears that petitioners' liability for self-employment tax is solely derivative; it depends on our resolution of the first of the issues for decision.↩
3. On brief, respondent concedes that petitioners are entitled to a dependency exemption deduction for 1973 on account of their son, Timothy.↩
4. Respondent does not dispute any of the business expense deductions claimed by petitioners for any of the years in issue.↩
5. Unless indicated otherwise, all rule references are to the Tax Court Rules of Practice and Procedure.↩
6. Respondent's determinations as to matters of fact in the notice of deficiency are presumed to be correct and petitioners have the burden of proving otherwise. ; Rule 142(a).↩